# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| EQUIPMENTSHARE.COM, INC., § | |
| Plaintiff, § | |
| § | |
| vs. § | ADVERSARY NO. 23-05007 |
| § | |
| TEXAS INDUSTRIAL CHOICE, LLC, § | |
| Defendant. § | |

## DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Texas Industrial Choice, LLC, named Defendant in the above-entitled and numbered cause, and files this Amended Answer and Counterclaim, and shows the Court:

### I. GENERAL DENIAL

1. Defendant denies each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### II. VERIFIED DENIALS AND SWORN DENIAL UNDER RULE 185

2. Defendant, Texas Industrial Choice, LLC, is not liable in the capacity in which said Defendant is sued, as provided by Rule 93 of the Texas Rules of Civil Procedure. Defendant would show that there is a defect in the parties, as provided

by Rule 93 of the Texas Rules of Civil Procedure.

3. Defendant, Texas Industrial Choice, LLC, denies the sworn account, in full, as provided by Rule 185 of the Texas Rules of Civil Procedure.

4. Defendant denies that the instrument described in <u>Exhibit A1</u> was executed by Defendant or any authorized representative of Defendant, as provided by Rule 93 of the Texas Rules of Civil Procedure. Sworn denials and verifications are attached hereto.

### III. AFFIRMATIVE DEFENSES

5. Plaintiff's claims are barred by fraud.

6. Plaintiff's claims are barred because Plaintiff's injury or loss claimed by Plaintiff was proximately caused by an independent intervening cause which was not reasonably foreseeable by Defendant.

7. Plaintiff's claims are barred because the contract which forms the basis of Plaintiff's petition is unenforceable under Texas law.

8. Plaintiff's claims are barred because the contract which forms the basis of Plaintiff's petition is so vague, indefinite, and uncertain that it is unenforceable.

9. Plaintiff's claims are barred due to lack of mutuality in the alleged contract.

10. Plaintiff's claims are barred by the statute of frauds.

11. Plaintiff's claims are barred by a mistake of fact.

12. Plaintiff's claims are barred by the failure of one or more conditions precedent to the contract which forms the basis of Plaintiff's petition.

13. Plaintiff's claims are barred by the failure of one or more conditions subsequent to the contract which forms the basis of Plaintiff's petition.

14. Plaintiff's claims are barred because the persons who committed the acts or omissions alleged by Plaintiff were beyond Defendant's supervision or control.

15. Plaintiff's claims are barred because Plaintiff failed to use reasonable diligence to mitigate Plaintiff's damages.

16. Plaintiff's claims are barred because 100% of Plaintiff's damages, if any, were caused by a third party, namely, Texas Core Energy LLC dba TOCE International.

17. Plaintiff's claims are barred by the affirmative defense of estoppel and applicable bankruptcy laws. Plaintiff was listed as a creditor of Texas Core Energy LLC dba TOCE International for this exact debt that Plaintiff now sues for, and Plaintiff never filed any objection to being listed as a creditor or any objection to the discharge of the debt at the conclusion of the Chapter 11 plan. Thus, the Chapter 11 Subchapter V plan applies to the Plaintiff, and Plaintiff is estopped from attempting to collect this debt against a different party, who is not a co-debtor or co-signer or guarantor of the debt.

## IV.   COUNTERCLAIM

### Count 1 – Declaratory Judgment

18. Defendant hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

19. This is a claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §2201.

20. In its petition, Equipmentshare.com, Inc. claims that Texas Industrial Choice, LLC entered into a Contract that is the subject of this suit and that Texas Industrial Choice LLC is the account debtor of the open account. Moreover, Equipmentshare.com, Inc. sues for Quantum Meruit. The account in question was an open account with Texas Core Energy LLC dba TOCE International (hereinafter "Texas Core" or "TOCE"). Any claim of Equipmentshare.com, Inc. regarding that account would be against Texas Core.

21. An actual justiciable case or controversy exists between Equipmentshare.com, Inc. and Texas Industrial Choice LLC regarding the validity of the Contract and the Open Account and as to the parties' respective rights in connection with same.

22. Texas Industrial Choice, LLC is seeking a declaration from the Court that it is not a party to the Contract at issue and that it was not the account debtor, and not liable under quantum meruit or any other legal theory.

23. Texas Industrial Choice, LLC is entitled to that relief, as will be clear from the evidence put on at trial. In short, an employee of TOCE ordered the equipment and agreed that TOCE was the account holder. The equipment leased by plaintiff was delivered to with Texas Core Energy LLC dba TOCE International's location. Texas Industrial Choice, LLC has no business at that location. Moreover, the alleged Contract, with a typed signature, is the name of a TOCE employee, not a Texas Industrial Choice, LLC employee. Jeff Webb was a TOCE employee, not a Texas Industrial Choice employee. There is no evidence that Texas Industrial Choice, LLC had anything to do with this equipment rental.

24. Furthermore, Texas Industrial Choice, LLC seeks a declaration from the Court that the debt Plaintiff complains of is the debt of Texas Core Energy LLC dba TOCE International and is dischargeable, as applicable, under the Chapter 11 plan filed in Case No. 23-50021-RLJ-11.

25. Texas Core Energy LLC dba TOCE International filed for Chapter 11 bankruptcy in the Northern District of Texas, Lubbock Division, on February 14, 2023, Case No. 23-50021-RLJ-11.

26. Plaintiff received notice of Texas Core's bankruptcy and all required bankruptcy notices thereafter, as Plaintiff Equipment Share was listed as one of Texas Core's largest unsecured creditors on February 14, 2023, with the debt being listed as **$191,571.82**, the exact amount Plaintiff is now suing Texas Industrial

Choice, LLC for.

27. Plaintiff was also listed as a creditor of Texas Core in the amount of **$191,571.82** on Texas Core's verified Bankruptcy Schedules on February 28, 2023.

28. Texas Core filed its Small Business Subchapter V Plan of Reorganization on May 15, 2023.

29. Plaintiff never filed any objection to the proposed Plan of Reorganization. Plaintiff never filed anything in the Lubbock Bankruptcy Court alleging that they were incorrectly listed as a creditor.

30. The Small Business Subchapter V Plan of Reorganization for Texas Core, which Defendant asserts applies to Plaintiff and the debt Plaintiff is suing for in this lawsuit, was confirmed by Order of the Court on July 7, 2023.

## V.  CORE PROCEEDING

31. Defendant hereby submits that this is a core proceeding under 28 U.S.C. §157(b), as it directly concerns the administration of Texas Core's Ch. 11 Plan, which includes Plaintiff as a creditor and it concerns the allowance or disallowance of a claim.

## VI.  REQUEST FOR ATTORNEY'S FEES

32. Defendant hereby requests recovery of court costs and all reasonable and necessary attorney's fees incurred in connection with the defense of this claim and in having to bring this Declaratory Judgment counterclaim.

## VII.   PRAYER

33.   WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing herein, that Defendant be awarded the relief prayed for hereinabove, including reasonable and necessary attorney's fees, and for such other and further relief, special or general, legal or equitable, as may be shown that Defendant is justly entitled to receive.

    Respectfully submitted,

**LAW OFFICE OF BRIANA COOPER, PLLC**
3911 98TH ST, STE 109
LUBBOCK, TX 79423
MAILING:
P.O. Box 65305
Lubbock, TX 79464
Tel: (806) 787-7569
Fax: (806) 209-0155

By: */s/ Briana Cooper*
Briana P. Cooper
State Bar No. 24079107
briana@texascivilpractice.com

    **Attorney for Defendant**
    **Texas Industrial Choice, LLC**

## **CERTIFICATE OF SERVICE**

    I certify that on February 27, 2024 a true and correct copy of Defendant's Amended Answer and Counterclaim was served on Richard J. Wallace, III and Patrick Schurr electronically through the electronic filing manager.

                                        */s/ Briana Cooper*
                                        Briana Cooper

NO. DC-23-14890

| | | |
|---|---|---|
| EQUIPMENTSHARE.COM, INC.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 116TH JUDICIAL DISTRICT |
| TEXAS INDUSTRIAL CHOICE, LLC<br>Defendant. | §<br>§<br>§ | OF DALLAS COUNTY, TEXAS |

## SWORN DENIAL OF ACCOUNT AND VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Taha Habib, who after being by me duly sworn, deposed as follows:

"My name is Taha Habib. I am a Managing Member for Texas Industrial Choice, LLC. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Defendant's Original Answer, which are true and correct."

"This is my sworn denial of the account, in full, as it relates to Texas Industrial Choice, LLC. Specifically, this was not the account of Texas Industrial Choice, LLC. This was the account of Texas Core Energy, LLC d/b/a TOCE International ("TOCE" or "TOCE International")."

"The equipment in question was rented to TOCE International, not Texas Industrial Choice, LLC. Jeffrey Webb was an employee of TOCE International, not Texas Industrial Choice, LLC. The location of the rental—in Kilgore, Texas—was the business location of TOCE International, not Texas Industrial Choice, LLC."

"Texas Industrial Choice, LLC never ordered this equipment, never used this equipment, and never agreed to pay for it."

"Plaintiff's Exhibit A1 is what Plaintiff is alleging is the contract in question. That is not signed by Texas Industrial Choice, LLC. While the document does not contain anyone's signature, it certainly does not contain the signature of anyone from Texas Industrial Choice, LLC. Jeffrey

Webb's name is typed in; however, Jeffrey Webb worked for TOCE International. He had no authority to bind Texas Industrial Choice, LLC, and I do not believe he even attempted to bind Texas Industrial Choice, LLC, as I do not believe that is his signature. It is his name typed in by someone."

"Texas Core Energy, LLC d/b/a TOCE International filed for Chapter 11 bankruptcy in the Northern District of Texas, Lubbock Division, on February 14, 2023. Plaintiff received notice of that and all required bankruptcy notices thereafter. Plaintiff was listed as one of TOCE's largest unsecured creditors on February 14, 2023."

"The debt Plaintiff is attempting to sue Texas Industrial Choice, LLC for was listed on the Bankruptcy Schedule as a debt of Texas Core Energy LLC dba TOCE International on February 28, 2023. Texas Core Energy LLC dba TOCE International filed its Small Business Subchapter V Plan of Reorganization on May 15, 2023. Plaintiff never filed any objection to the proposed Plan of Reorganization. Plaintiff never filed anything in bankruptcy court alleging that they were incorrectly listed as a creditor. The Small Business Subchapter V Plan of Reorganization for Texas Core Energy LLC dba TOCE International, which applies to Plaintiff and the debt Plaintiff is suing for in this lawsuit, was confirmed by Order of the Court on July 7, 2023."

"A true and correct copy of those bankruptcy pleadings are attached hereto."

Further affiant sayeth not.

_____
Taha Habib, as a Managing Member of Texas Industrial Choice, LLC

**SUBSCRIBED AND SWORN TO BEFORE ME** on October 19, 2023 by Taha Habib on behalf of Texas Industrial Choice, LLC.



Melissa Watkins
My Commission Expires
05/21/2024
ID No 5584842

_____
Notary Public, State of Texas

Sworn Denial of Account and Verification
Page 2 of 2